# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

DC8 DISTRIBUTION INC

       Plaintiff,

v.

JOSEPH GIROUARD, d/b/a FLO
INDUSTRIES, and FLO
LABORATORIES

       Defendants.

## COMPLAINT

**NOW COMES,** the Plaintiff DC8 Distribution Inc. (hereinafter "Plaintiff" or "DC8"), by the undersigned counsel, and complains of the Defendants Joseph Girouard, Flo Industries and Flo Laboratories (hereinafter collectively, "Girouard" or "Defendants") as follows:

## THE PARTIES

1. Plaintiff, DC8 Distribution Inc. is a corporation organized under the laws of the state of Nevada, with a principal place of business at 1970 N LESLIE ST #733, PAHRUMP, NV 89060.

2. Upon information and belief, Defendant Joseph Girouard is an individual residing at 40 Boylston Street Boston, Suite 405, MA.

3.  Upon information and belief, Defendant Flo Industries is a sole proprietorship operated by Joseph Girouard, with a principal place of business located at 40 Boylston Street, Suite 405, Boston, MA.

4.  Upon information and belief, Defendant Flo Laboratories is a sole proprietorship operated by Joseph Girouard, with a principal place of business located at 40 Boylston Street, Suite 405, Boston, MA.

## JURISDICTION AND VENUE

5.  This court has personal jurisdiction over the Defendant Joseph Girouard as he resides with in Massachusetts.

6.  This court has personal jurisdiction over Defendants Flo Industries, and Flo Laboratories as they maintain a principal place of business in Massachusetts.

7.  This court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. §1121 and  28 U.S.C.§§ 1331 and 1338(a) and (b) as the claims being made are under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117 and 1125(a), (c) and (d).

8.  This court is the proper venue under 28 U.S.C. § 1391 as all defendants reside in this district and state.

## FACTS APPLICABLE TO ALL CLAIMS

*Plaintiff's Rights*

9.  DC8 is engaged in the business of designing, manufacturing, marketing and selling high-end electronic cigarettes, oral vaporizers and personal vaporizers.

10. DC8 operates an online retail store and various social media sites through which it markets and sells various high-end oral vaporizer products and accessories including electronic cigarettes, personal vaporizers, atomizers, adapters, vaporizer cases, and accessories.

11. DC8 maintains a broad network of wholesale vendors which market and sell its branded products.

12. Since 2015, DC8 has continuously used the term "Experience True Taste" in its marketing, brand advertising, and packaging for electronic cigarettes, oral vaporizers, personal vaporizers and accessories both independently and via its vendors and wholesale distributors.

13. On July 13, 2015 Plaintiff applied for ownership of federal trademark registration for the designation EXPERIENCE TRUE TASTE with the US Patent and Trademark Office for use in commerce in association with oral vaporizers.

14. On August 2, 2016 the US Patent and Trademark Office issued federal trademark registration No. 5011080 to DC8 Distribution Inc., granting Plaintiff the exclusive right to use the trademark, EXPERIENCE TRUE TASTE.  A copy of the Certificate of Registration and the USPTO's TSDR status information for this mark is attached hereto as Exhibit A.

15. Representative pages from DC8's website, vendor site and social media showing the registered mark EXPERIENCE TRUE TASTE used in association oral vaporizers available for sale are set forth as Exhibit B hereto. The registration 5011080 for EXPERIENCE TRUE TASTE is currently in full force and effect, unrevoked, and/or subsisting.

*Defendants' Infringement*

16. Upon information and belief, on or about 4 January 2017 Defendants began using the
    term Flo True Taste, and True Taste in advertising, marketing and packaging for their
    personal vaporizers and electronic cigarettes.

17. On or about January 4, 2017 Joseph Girouard registered the domain name
    flotruetaste.com and began operating a website for the marketing and sale of personal
    vaporizers and electronic cigarettes. A copy of Defendant's domain name registry record
    and website at the time are attached hereto as Exhibit C.

18. Upon information and belief, Defendants advertise and offer for sale electronic cigarettes
    and personal vaporizers, using the designations "Flo True Taste" and "True Taste" which
    are in part identical and confusingly similar to the Plaintiff's registered trademark
    EXPERIENCE TRUE TASTE, in the same or similar channels of trade, including but not
    limited to the Champs Trade Show.

19. On or about January 2017 a customer informed Plaintiff that Defendants were utilizing
    the designation "True Taste" in their advertising, marketing, and packaging for personal
    vaporizers and electronic cigarettes and inquired whether there was an affiliation between
    Defendant and Plaintiff.

20. On February 2, 2017 Plaintiff was made aware of Defendant's use of the confusingly
    similar designation "Flo True Taste" in mass marketing via the industry Champs Trade
    Show. A copy of the mass marketing material is attached hereto as Exhibit D.

21. On or about February 8, 2017 counsel for DC8 Distribution Inc. issued a cease and desist
    letter to Defendants notifying Defendant of Plaintiff's exclusive rights to the
    EXPERIENCE TRUE TASTE trademark and requesting Defendants cease using the

confusingly similar designations "Flo True Taste" and "True Taste" in their advertising, marketing and packaging, and pull any such materials then present on the market. A copy of the letter sent to Defendants is attached hereto as Exhibit E.

22. On or about  March 2, 2017 Defendant via counsel stated the website was being taken down.

23. From about March 10, 2017 to March 17, 2017 Counsels for Plaintiff and Defendants via emails discussed a settlement agreement for Defendants' use of the designation "True Taste" and licensing for the registered trademark EXPERIENCE TRUE TASTE.

24. Upon information and belief, on March 15, 2017 Defendant ceased using the "Flo True Taste" designation on its website and domain.

25. On or about April 6, 2017 Plaintiff was made aware of Defendant's continued use of the term "Flo True Taste" on product packaging and social media marketing and via counsel notified Defendant's of its objections. A copy of Defendant's product packaging and marketing is attached hereto as Exhibit F.

26. On or about April 11, 2017 Plaintiff was made aware of Defendant's continued use of the designation "Flo True Taste" via marketing material by the Champs East Coast Trade Show Expo for which Defendants were a sponsor and again via counsel, Plaintiff notified Defendants of its objections. A copy of Defendant's marketing is attached hereto as Exhibit G.

27. Upon information and belief Defendant continues to use the "Flo True Taste" and "True Taste" designations in association with its oral vaporizers in industry wide mass marketing. Various industry wide email blasts and social media marketing dated through

June showing Defendants' use of the "Flo True Taste" designations attached hereto as Exhibit H.

28. Upon information and belief Defendant continues to use the "Flo True Taste" and "True Taste" designations on its product packaging. Images of Defendants' product packaging taken at the May 16th-18th Champs Trade Show in Atlantic City, NJ attached hereto as Exhibit I.

29. To date Defendants have not signed the proposed licensing agreement, nor paid any licensing fees to Plaintiff, and continue to utilize the term "True Taste" in their advertising, marketing and packaging of their personal vaporizers and electronic cigarettes.

30. Despite having been made aware of Plaintiff's federal trademark registration for EXPERIENCE TRUE TASTE and confusion by customers, Defendants continue to openly and widely make use of the confusingly similar designations "Flo True Taste" and "True Taste".

31. Defendants knowingly, intentionally and wilfully infringed upon DC8's exclusive rights to use the EXPERIENCE TRUE TASTE trademark.

32. Upon information and belief, Defendants' use of the "Flo True Taste" and "True Taste" designations has caused, or is likely to cause, confusion, mistake and/or deception amongst actual and potential consumers as to the source of the goods and services within the meaning of §2(d) of the Lanham Act, 15 U.S.C. § 1052(d) to the severe detriment of Plaintiff.

33. In view of the foregoing, Plaintiff has been damaged and will continue to be damaged by virtue of Defendant's ongoing and continued use of the confusingly similar designations "Flo True Taste" and "True Taste".

## COUNT I

### Infringement of Plaintiff's Trademark under 15 U.S.C. § 1114(1) by all Defendants

34. Plaintiff restates and realleges each and every allegation in paragraphs 1 through 33 as if full set forth herein.

35. Plaintiff has been investing in marketing and development the brand EXPERIENCE TRUE TASTE for roughly two years to increase its notoriety and establishing valuable goodwill.

36. On August 2, 2016 the US Patent and Trademark Office registered Trademark 5011080 to DC8 Distribution Inc., granting Plaintiff the exclusive right to use the trademark Experience True Taste.

37. Plaintiffs have a protectable ownership interest as stated in 15 U.S.C. § 1114 in the use of the term "True Taste".

38. DC8's rights in its registered trademark EXPERIENCE TRUE TASTE have priority over Defendant's use of the infringing designations "Flo True Taste" and "True Taste" by virtue of DC8's continuous and extensive use and registration of its aforesaid mark in commerce that predate Defendant's use of the infringing designations.

39. Defendants by and through their use of the confusingly similar designations "Flo True Taste" and "True Taste" sell, offer for sale, distribute and/or advertise goods and services in U.S. commerce in competition with Plaintiff's sales, distribution and advertisement of

the very same goods and services under and through Plaintiff's registered mark EXPERIENCE TRUE TASTE.

40. Defendants' use of the term "True Taste" is confusing to consumers because the designations "Flo True Taste" and "Experience True Taste" are nearly identical phrases, and convey the same idea of their electronic cigarettes, and personal vaporizers giving the user the taste of a traditional cigarette.

41. Defendants use of the designation "True Taste" in their marketing has caused actual confusion of consumers as Plaintiff was first notified of Defendants' use of the designation "True Taste" by a customer who was confused as to whether Plaintiff's and Defendants' products were affiliated.

42. Defendant's use of the designations "Flo True Taste" and "True Taste" that are in part identical and confusingly similar to Plaintiff's registered mark and in connection with competing goods and services, is likely to continue to cause consumer confusion, mistake and/or deception in the relevant market as to the origin of the goods and services and/or as to whether Defendant is sponsored by/affiliated with, or is otherwise connected to DC8, in violation of Section 32(l) of the Lanham Act, as amended, 15 U.S.C. § 1114(1).

43. Defendants' use of the words "True Taste" in their marketing trades on the hard earned valuable goodwill established by Plaintiff in the trademark EXPERIENCE TRUE TASTE.

44. Defendants' action in promoting and selling vaporizer products under the confusingly similar designations "Flo True Taste" and "True Taste" continuously in commerce has occurred in the face of and notwithstanding Plaintiff's express notice to Defendants regarding Plaintiff's superior federal trademark rights.

45. By using designations that are identical or confusingly similar to DC8's registered marks and by selling, offering for sale, distributing and/or advertising goods to the general public in connection with said designation or confusingly similar variations thereof, for profit and without DC8's authorization, Defendants are depriving DC8 of its exclusive right to control, use and otherwise benefit from its registered trademark. If permitted to continue, Defendants' actions will nullify DC8's right to exclusive use of its registered trademark, free from infringement and will have a substantial and adverse effect on DC8's existing and projected future business of marketing goods associated with DC8's registered trademark.

46. As a result of Defendants' infringing conduct, DC8 has suffered a continuing loss of goodwill and reputation established under its federal trademark registration. The continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which DC8 has no adequate remedy at law. DC8 will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

47. Defendants continued use of the designations "Flo True Taste" and "True Taste" and refusal to pay licensing fees to DC8, for at least three months after being made aware of the trademark infringement Defendants have intentionally and knowingly infringed DC8's rights, thus making this an exceptional case under 15 U.S.C. § 1117(a).

### COUNT II

### Unfair Competition and False Designation of Origin in violation of 15 U.S.C. § 1125(a) by all Defendants

48. Plaintiff restates and realleges each and every allegation in paragraphs 1 through 47 as if full set forth herein.

49. Plaintiff has been utilizing their Trademark EXPERIENCE TRUE TASTE for roughly two years to build its brand as a source identifier for its product.

50. Plaintiff has registered their Trademark EXPERIENCE TRUE TASTE with the United States Patent and Trademark office.

51. The designation "True Taste" originated with the Plaintiff.

52. Defendants use of the designation "True Taste" has caused mistaken affiliation of Defendants' products as originating from, and/or sponsored by the Plaintiff.

53. Defendants use of the designation "True Taste" has caused mistaken affiliation that Plaintiff's products originated from the Defendants.

54. By violating 15 U.S.C. § 1125(a) through the use of designations that are identical or confusingly similar to DC8's registered trademark in connection with the selling, offering for sale, distribution and/or advertising goods to the general public under and through the confusingly similar designations, Defendants have intentionally and knowingly infringed DC8's rights, thus making this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT III

### False Advertising in violation of 15 U.S.C. § 1125(a)(1)(B) by all Defendants

55. Plaintiff restates and realleges each and every allegation in paragraphs 1 through 54 as if full set forth herein.

56. Defendants' use of the designation "True Taste" it its advertising, marketing and packaging misrepresents the origin of its electronic cigarettes and personal vaporizers, as well as misrepresents the nature, characteristics, and quality equating them to those made by Plaintiff.

57. Defendants' use of the designation "True Taste" is  commercial in nature.

58. Defendants have, without authorization, on or in connection with their goods, used in commerce designations that are confusingly similar to Plaintiff's registered Trademark EXPERIENCE TRUE TASTE in ways  which are likely to cause confusion, mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

59. Defendants' conduct described above violated the Lanham Act, and Defendants have unfairly competed with and injured Plaintiff and unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial.

60. Defendant's continuing and knowing use of designations confusingly similar to Plaintiff's registered trademark constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.


**COUNT IV**

Dilution of Plaintiff's trademark in violation of 15 U.S.C. § 1125(c) by all Defendants

61. Plaintiff restates and realleges each and every allegation in paragraphs 1 through 60 as if full set forth herein.

62. Plaintiff has been utilizing their mark EXPERIENCE TRUE TASTE for roughly two years, investing and building its brand to establish valuable good will and ensure

customers can identify its product when purchasing a personal vaporizer or electronic cigarette.

63. Plaintiff has registered their mark EXPERIENCE TRUE TASTE with the United States Patent and Trademark office.

64. Plaintiff has utilized their mark throughout the United States since beginning use the mark in 2015.

65. Since incorporating the EXPERIENCE TRUE TASTE registered trademark in 2015, DC8 has seen annual sales of 2.4 million dollars for goods sold in association with the brand across the United States and strategic international markets. Thus the EXPERIENCE TRUE TASTE trademark is widely recognized as being associated with DC8's oral vaporizers.

66. Plaintiff has a famous mark as defined within 15 U.S.C. § 1125(c)(2)(A).

67. Use of the designation "True Taste" by Defendants has caused confusion regarding the source of the Defendants' goods.

68. Use of the designation "True Taste" by Defendants is nearly identical to Plaintiff's registered trademark EXPERIENCE TRUE TASTE.

69. Use of the designation "True Taste" by Defendants has diluted the valuable good will of Plaintiff's registered trademark EXPERIENCE TRUE TASTE as a unique  source identifier.

70. Defendants' intentional sale of goods in the same trade channels as Plaintiff's under confusingly similar designations to Plaintiff's registered mark EXPERIENCE TRUE TASTE has caused and it likely to continue to cause confusion, mistake or to deceive, mislead, betray and defraud consumers to believe that Defendants' goods are authorized

by Plaintiff. The actions of Defendants complained of herein have diluted and will

continue to dilute Plaintiff's registered trademark and are likely to impair the

distinctiveness, strength and value of Plaintiff's registration and injure the business

reputation of Plaintiff and its mark.

71. Defendants' actions to dilute Plaintiff's registered trademark have been willful and

knowing as defined in 15 U.S.C. § 1117(a).


### COUNT V

*Cyberpiracy of Plaintiff's trademark in violation of 15 U.S.C. § 1125(d) by all Defendants*

72. Plaintiff restates and realleges each and every allegation in paragraphs 1 through 71 as if

full set forth herein.

73. Experience True Taste is a distinctive and well known trademark, as it has been in use

since 2015 and was registered with the United States Patent and Trademark Office on

August 2, 2016.

74. On or about January 4, 2017 Defendants registered a domain name flotruetaste.com for

use to market and sell electronic cigarettes and personal vaporizers.

75. Defendants' domain name is confusing as it utilizes an identical phrase incorporated

within Plaintiff's trademark.

76. Defendants use of the term "True Taste" in their website has directed business away from

Plaintiff because it is easily confused with Plaintiff's trademark and has caused actual

confusion in the electronic cigarette and personal vaporizer market.

77. Defendant has acted in bad faith by continuing to utilize the domain name

flotruetaste.com for over a month after being made aware of the registered trademark

owned by DC8, thus making this an exceptional case under 15 U.S.C. § 1117(a).


## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that judgment be entered in their favor and against

Defendant as follows:

1.  Granting injunctive relief preventing Defendants from using the designations "Flo True

Taste" and "True Taste" now and in the future.

2.  Award Plaintiff damages, costs, and attorney fees in an amount to be determined by the

court.


Dated: July 10, 2017                          Respectfully Submitted,

                                              PLAINTIFF DC8 DISTRIBUTION INC
                                              By its attorneys,


                                              /s/ Marc Osborne
                                              Marc Osborne Bar# 683300
                                              140 Albion Street
                                              Somerville, MA 02144
                                              630-452-2238
                                              osborne.marc.e@gmail.com

**OF COUNSEL:**
S. Claire Gibson, Esquire
The Gibson Law Group LLC
244 Fifth Avenue, Suite D17
New York, NY 10001
Tel: (917) 563-2483
Email:claire@gibsonlaw.nyc